IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARRIE M. WARD, et al. :

   v. : Civil Action No. DKC 16-1530

CLIFFORD L. MASSEY, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to remand filed by Plaintiffs. (ECF No. 33). Defendants have filed a response in opposition titled "Object to Order and Recommendation." (ECF No. 34). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be granted.

Also pending is Defendants' motion for leave to proceed *in forma pauperis*. (ECF No. 29). Upon review of the affidavit submitted with their motion, it does not appear that Defendants are indigent and unable to pay the full civil filing fee. Specifically, Defendants note a combined monthly salary of $6,800 and indicate they have $3,000 in their joint checking account. (*Id.*) Their motion shall, accordingly, be denied.

## I. Background

On or about August 3, 2015, Carrie Ward, Howard Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard R. Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Nicholas Derdock, and Elizabeth Jones (collectively, the "Substitute Trustees") commenced a foreclosure action against Mr. Clifford Lee Massey and Mrs. Marilyn L. Panda-Massey in the Circuit Court for Prince George's County.  Defendants Clifford Lee Massey and Marilyn L. Panda-Massey filed an answer on August 26, 2015.

On May 17, 2016, Defendants filed a notice of removal from the Circuit Court for Prince George's County.  (ECF No. 1).

### Standard of Review

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc),

*abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

The removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question").

While the arguments presented by Defendants in their notice of removal are difficult to discern, they appear to assert that this court has jurisdiction over the claims in this action

because they are "property and Franchise of the Federal Government known as a U.S. Citizen" and "Therefore, the U.S. citizens residing in one of the states of the union, are classified as property and franchises of the federal government as an 'individual entity.'"

In determining the propriety of removal, however, courts generally look to the face of the underlying pleading. *See Griffin v. Ford Consumer Finance Co.*, 812 F.Supp. 614, 616 (M.D.N.C. 1993) (quoting *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951)).  Here, there is no federal question presented by the Order to Docket or the accompanying papers filed by Plaintiffs in state court.  To the contrary, the pleading cites various provisions under the Real Property Article of the Annotated Code of Maryland and the Maryland Rules as grounds for the foreclosure action.  To the extent that Defendants challenge Plaintiffs' ability to enforce the promissory note and deed of trust, such determinations are governed exclusively by Maryland law.  *See* Md. Code Ann., Comm. Law §§ 3-101, *et seq.*  Moreover, any defensive claims Defendants may wish to present cannot provide a basis for removal jurisdiction.  *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d at 584 ("a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331").  Thus, the case cannot be sustained in

4

this court on the basis of federal question jurisdiction. Because all parties are Maryland residents, there is not complete diversity of citizenship such that jurisdiction could be proper under 28 U.S.C. § 1332. Accordingly, the case was improperly removed by Defendants.

Moreover, as Plaintiffs point out, removal is allowed only if a notice of removal is filed within 30 days after the receipt by the defendant of the initial pleading. Removal here took place well after that thirty day period, as admitted by Defendants. They state that they only recently learned of the purported basis for the removal. That, however, is an insufficient basis to excuse the tardiness, and this procedural defect is an additional reason to remand this case.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
